# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4630 | **DATE** | 3/19/2004 |
| **CASE TITLE** | Cortez Productions, Inc. vs. Monterey Peninsula Artists, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies Defendant Monterey Peninsula Artists, Inc.'s Motion to Dismiss [19-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: TBK

Document Number: 36

Date docketed: MAR 22 2004

| | |
|---|---|
| CORTEZ PRODUCTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) 03 C 4630 ) |
| MONTEREY PENINSULA ARTISTS, INC., WESLEY HUNTER, DON PEARSON, WILLIAM BURKE SHANNON, CLARENCE SLATEN, REEL RHYTHM COMMUNICATIONS, INC., KIMBERELY COTTMAN, | ) Judge Ronald A. Guzmán ) ) ) ) ) ) |
| Defendants. | ) ) |

**DOCKETED**

**MAR 2 2 2004**

## MEMORANDUM OPINION AND ORDER

In this diversity action, Plaintiff Cortez Productions, Inc. ("Cortez") seeks compensatory and punitive damages for breach of contract against defendants Monterey Peninsula Artists, Inc. ("Monterey"); Wesley Hunter; Don Pearson; William Burke Shannon; Clarence Slaten; Reel Rhythm Entertainment; and Kimberly Cottman. Defendant Monterey moves to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies the motion.

## FACTS

Plaintiff promotes music concerts in North America. (Compl. ¶ 2.) Defendant Monterey represents musicians and musical groups, including the rock band Aerosmith. (*Id.* ¶ 3.) Defendants Wesley Hunter, Don Pearson, William Burke Shannon, and Clarence Slaten were principals of the now-bankrupt Fifth Degree Concerts, Inc. ("Fifth Degree"). (*Id.* ¶¶ 11-13, 17.) Fifth Degree also promoted music concerts in North America. (*Id.* ¶ 15.) According to Plaintiff, it entered into an agreement with Fifth Degree and Monterey, which provided that Cortez and Fifth Degree would cause $500,000 in aggregate to be wire transferred to Monterey in an effort to secure Aerosmith for a series of concerts in Mexico that would be promoted by Cortez and Fifth Degree. Monterey was to hold this money in escrow pursuant to instructions drafted by Fifth Degree. The parties' Escrow



Agreement, which is attached to the complaint and is the basis of Plaintiff's claims against Monterey, states that: "In the event Promoters and Monterey Peninsula Artists, Inc. and Aerosmith do not sign a contract granting Promoters the rights to promote a concert tour featuring Aerosmith in Mexico, the Escrow Funds shall be released by the Escrow Agent and returned to Promoters on the tenth (10th) day after the date of this agreement." (Compl. ¶ 29, Ex. A ¶ 5.) The agreement was dated April 24, 2002. (*Id.*)

At the end of April 2002, Cortez forwarded its $250,000 share of the escrow funds to Fifth Degree. (Compl. ¶ 30.) Then, at the beginning of May 2002, the whole of the $500,000 in escrow funds were wire transferred to Monterey, the escrow agent. (*Id.* ¶ 31.) No agreement was ever reached regarding the Aerosmith concert tour in Mexico, and in July 2002, Monterey directed that the money in the escrow account be wire transferred back into the account from which it had been received. (Def.'s Mot. to Dismiss ¶ 2.) Defendant Monterey contends this action discharged its obligations under the escrow agreement to return the money "to Promoters." (*Id.*) Plaintiff alleges that because Monterey did not return the money to both Cortez and Fifth Degree, it failed to return the money "to Promoters" and, therefore, breached the contract and breached its fiduciary duty as an escrow agent to act in accordance with the terms of the escrow agreement. (Compl. ¶¶ 136, 141.)

## DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure disputes whether the plaintiff has stated a claim upon which relief may be granted. *Autry v. Northwest Premium Servs.*, 144 F.3d 1037, 1039 (7th Cir. 1998). The motion should not be granted unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claims entitling him to relief. *Szumy v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 1998). In analyzing a motion to dismiss, all alleged facts are both accepted as true and construed, together with any reasonable inferences drawn from them, in the light most favorable to the plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992). By definition a motion to dismiss for failure to state a claim upon which relief may be granted is restricted to the pleadings themselves, and attached documents are deemed part of the pleadings and so are properly regarded when considering

the motion. *Approved Home v. Peters*, No. 98 C 2949, 1998 WL 417492, at *1 (N.D. Ill. July 17, 1998). A federal court sitting in diversity jurisdiction will apply state law to substantive matters and federal law to procedural matters. *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 636 (7th Cir. 2002).

Plaintiff seeks damages from Monterey for breach of contract and fiduciary duty. In order to state a claim for breach of contract, a plaintiff must first establish both the existence of a contract with a defendant and that the defendant breached this contract. *Chilmark Partners, LLC v. MTS, Inc.*, No. 02 C 5339, 2003 U.S. Dist. LEXIS 7077, at *8-9 (N.D. Ill. Apr. 23, 2003). In Illinois, a contract is interpreted by looking no further than its "four corners." *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998); *Chilmark*, 2003 U.S. Dist. LEXIS 7077, at *10. Under this theory of interpretation, the court first determines if any of the language within the contract is ambiguous by looking to its plain and obvious meaning. *Bourke*, 159 F.3d at 1036; *Chilmark*, 2003 U.S. Dist. LEXIS 7077, at *10. Ambiguity does not result from a mere disagreement among the parties over what a particular term means, but rather from the use of language that is reasonably susceptible to more than one meaning. *White v. White*, 378 N.E.2d 1255, 1258 (Ill. App. Ct. 1978). In the absence of ambiguous language, the court should enforce the contract as written. *Chilmark*, 2003 U.S. Dist LEXIS 7077, at *10.

Here, Plaintiff maintains that Monterey is in breach of contract because it failed to return the escrow funds "to Promoters," meaning to both Cortez and Fifth Degree. (Compl. ¶ 136.) Plaintiff also contends that Monterey's failure to return the money in this manner represents a breach of its fiduciary duty as an escrow agent. (*Id.* ¶ 141.) An escrow agent has a fiduciary duty to act in accordance with the terms of the escrow agreement. *Bescor v. Chicago Title & Tr. Co.*, 446 N.E.2d 1209, 1213 (Ill. App. Ct. 1983); *Toro Petroleum Corp. v. Newell*, 338 N.E.2d 491 (Ill. App. Ct. 1974).

Monterey argues that it satisfied its obligation under the escrow agreement to return the money "to Promoters" when it returned the funds to the same account from which it received them and is therefore in breach of neither the contract nor its fiduciary duty. (Def.'s Mot. to Dismiss ¶ 2.)

3

However, Monterey's construction of the agreement, while reasonable, requires an inference in favor of Defendant and this Court must draw all reasonable inferences in favor of Plaintiff for the purposes of this motion to dismiss.

The term "to Promoters" is ambiguous and susceptible of two reasonable, but conflicting, interpretations. The Court therefore concludes that Plaintiff has established that a set of facts may exist upon which it might prevail at trial on its claims for breach of contract and fiduciary duty.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant Monterey Peninsula Artists, Inc.'s Motion to Dismiss [doc. no. 19-1].

SO ORDERED  ENTERED: 3/19/04

HON. RONALD A. GUZMAN
United States Judge